second case Jurgens v. Marias Medical Center and Ms. DeLong you may proceed thank you your honor good morning may it please the court my name is Joanne DeLong and I represent the plaintiff appellant in this appeal Jeanette Jurgens I wish to reserve one minute of my time for rebuttal there are five arguments necessitating the reversal of the district court's decision granting summary judgment to defendants appellees those five arguments first off are that Jurgens can show a interference or denial of the exercise of her FMLA rights she can show that she was prejudiced by the violation of the employers duty under the FMLA under the Code of Federal Regulations she can show that the activities of one of the defendants Cindy Lamb the human resources director was willful which raises the three-year statute limitation she can show that the statute limitations should begin running from February 28 2017 on this cause of action and finally she can show that race is not applicable in this case the facts that are most applicable can I ask about can I start with the statute of limitations question is are is your argument that there's a discovery rule that kicks in and she didn't have a basis for knowing when her right I've started to accrue and that's why she's entitled to a 2007 because otherwise it would have I mean on the plain language it would have started to run in 2015 right correct your honor yet the issue under the FMLA in this case is that a medical record a letter from her doctor to the human resources director was listed in a listed as a relevant document in an investigators report allegedly showing this conduct at work but that all happened in 2015 correct so the only way that you can take your client could take advantage of that is if the discovery rule applies and she and that claim accrues when she discovered it in 2017 and where's the basis for that is there a case that says that we should apply the discovery rule to the FMLA in these circumstances I have a list of various statutes and cases for instance the it's stated the best in an old Ninth Circuit case from 1977 called Riley this had to do with 42 USC section 1983 but the quote is that the established rule which we apply in this case is that where a plaintiff has been injured by fraud or concealment and remains in ignorance of it without any alter want to go with the council let me let me let me stop you there because I don't see the fraud or concealment I understand that you didn't you that she says that she didn't see the letter that should have been provided in the course of discovery but the fact that she went to her doctor was not a surprise to her was it didn't she know that she had gone to the doctor no the didn't know that she had gone to the doctor in 2015 oh yes okay so she went to the doctor did she know that the doctor was was providing a letter to her employer no she did not know what why would it why would the doctor send something to the employer without without mentioning this to her I don't know wouldn't that be a violent wouldn't that be a violation of HIPAA or some other kind of privacy rules to have a doctor disclose a medical diagnosis to an employer without the knowledge of the patient well it's a little complicated your honor the doctor worked for a health clinic called Mariah's health care which was affiliated with the defendant Mariah's Medical Center in fact they share the same building so but this was her doctor right yes okay and she went to the doctor because she had anxiety and depression so she knew she was suffering from anxiety and depression would that qualify with that suffering from anxiety and depression qualify her for FMLA leave it ultimately did and that's okay does her employer have to advise her of that the employer has a duty under the Code of Federal Regulations to inquire of the doctor or the employee to determine if the FMLA applies or not but how was she prejudiced by any of this in any event since she was given leave under a different provision she was prejudiced by the inclusion of the doctor's letter a medical record in an investigators report on her alleged misconduct at work it was listed as a relevant document among other documents having to do with disciplinary actions and complaints by co-workers etc February 28th 2017 is the first date that the plaintiff was aware that her medical condition may have influenced the decision to terminate her employment investigators report she brought a she won she won on the fact that she was wrongfully discharged there's nothing in the FMLA that says you can't discharge an employee so when she says she was wrongfully discharged she brought a lawsuit and she won so what's what more is there to it the the she won on the claim of wrongful discharge from employment a Montana statute that limits her recovery to four years of lost wages which was significantly less than her actual damages she had no way of knowing that her medical condition may have influenced that decision to terminate her employment which caused her damages of several hundred thousand dollars so the we argue the correct date for the statute of limitations to begin to run would be February 28th when she discovered this investigators report it's it's an established fact the human resource director in writing in a letter to Jurgens said that she was basing her allegations of misconduct on the rest of the letter if I recall correctly had nothing to do with firing her or anything like it it was all about please give her some leave and they were already giving her a greater leave than she would be entitled to under the FMLA in 2015 she was on paid leave but the issue is to what extent did that medical record being listed as a relevant document in the list of document showing misconduct to what extent I believe it's an issue a genuine issue of material fact for a prior effect to determine whether the inclusion of that medical record influenced their decision to terminate her employment and she would have no way of knowing she was not privy to that investigators report obviously claim counsel I'm sorry that's not an FMLA claim the FMLA does not prevent her from being terminated so that's correct although it's irrelevant there is case citations that the that the FMLA does not prohibit a legitimate reason for discharge and this is getting a little complicated but her discharge was determined to be wrongful she's already won she's already won that she's already she's already put that she's already put that one to rest she got she collected a judgment on that that's correct your honor essentially asking for a double recovery no it's in in prior pleadings the plaintiff has noted that she recovered X amount of dollars $80,000 under the wrongful discharge from Employment Act and of course that would have to be accounted for in any recovery under the FMLA okay do you want to reserve time for rebuttal yes I do your honor okay thank you counsel mr. Higgins excuse me good morning may it please the court Mark Higgins for appellees Marias Medical Center tool County Commissioners and Cindy lamb I am very honored to present oral argument today in this magnificent courthouse that happens to be named after a distinguished jurist who grew up 23 miles down the road from where I was born and raised and where I live today so that's quite a coincidence and and an honor about guilt by Association well we'll draw our own conclusions your honor as I know it's fully apparent to this court the plaintiff can prevail on this appeal only if she can overcome multiple independent bases for dismissal she faces a substantive bar to both her FML claim and her 1983 due process claim she faces a separate independent statute of limitations bar to both claims she faces a separate independent raised judicata claim to both bar to both claims and further she has a separate independent qualified immunity problem prejudice if we say there's no prejudice would that that would apply equally to both claims no the prejudice requirement is only under the FMLA your honor but it is a it's it's it's a deal-breaker statute of limitations would be the same for both statute of limitations and raised judicata are the so in order to prevail on this appeal Ms. Juergens basically has to clear seven hurdles and since we're directed on oral argument to clarify issues I'd like to speak to a couple of issues that I briefed and so I raised them and the court didn't reject him he simply did not address them probably because there was a wealth of other grounds Ms. Juergens brought a Monell claim because there's two entities the the board of commissioners and the medical center and of course entity claims under section 1983 can't can't can't depend upon respond to its superior they have to be based on some sort of policy or custom and policy or custom is alleged nowhere in the complaint in fact Monell's not even mentioned in the complaint and I might add your honors and you may find this in several instances none of this is addressed in appellant's brief and as we've submitted under independent towers and Acosta Huerta cases those simply should be considered abandoned on appeal another of the bases that was not addressed by the district court but I think bears mention is this idea of there's just absolutely no notice of a desire or need for FMLA leave your honor with all due respect this letter was very short it mentioned medication and avoiding stressful situations but it honestly did not say anything about so she probably shouldn't work or she needs to be away from work but again it's a very short letter the court in this court in bat shelter said as does title 29 that there has to be some kind of notice you don't have to use the magic words your employer I need FMLA leave for the following reason we don't submit that that's the case but they have to ask for leave of some kind they have to say I've got to be gone from work and of course here that didn't happen because she was already with the doctor's note was a week after she was already on paid administrative leave so not only did the doctor doctor's note not address it she never said I need to be off work in fact when I deposed her she said I didn't need leave I could still do my job I didn't want leave those are exact words in her deposition now apart from the flaws that were pointed out and I don't think I'll spend much time because your honors have already raised this is the absolute need for harm or prejudice this woman could not possibly have been harmed or prejudiced by being not being afforded FMLA leave because she was already on paid administrative leave both the statute and our policy and procedure that she was given and our poster that she saw stated that if you're going to take FMLA leave we can run it concurrently with vacation or personal leave that you have so if we had put her on FMLA leave your honors she would have been worse off because she would have been spending vacation and the like instead she's on paid administrative leave this idea that she was fired being prejudiced your honors have already seen through that the firing has to in order to be improper under the FMLA the firing has to be related to a request for FMLA leave and of course there was no such request because she didn't need it and she didn't want it she was already on leave now shifting gears to the 1983 problem the most fundamental problem than they that they have in a case that frankly is pretty rife with fundamental problems is that she's based her 1983 claim on an alleged federal constitutional right to full and fair discovery in state court over the full life of this case your honors neither the plaintiff nor the defendants nor even the district court and his law clerks couldn't find a single source a single case that stood for the proposition that a right to full and fair discovery in state court is secured by the constitution or laws of the United States and of course lacking a constitutional basis for a 1983 claim based on discovery deficiencies dooms both her it dooms both well it dooms an under qualified immunity and due process analysis and speaking of due process analysis if you even do cursory due process review you're going to find that there are a myriad of procedural safe grounds under the rules of civil procedure to address asserted discovery abuse the plaintiff availed herselves of none of those she didn't file a motion to compel she didn't file she didn't get at hearings complained to the court hey they shortchanged me on discovery I made a mistake on discovery I said that the investigative report is attached here too it's lengthy and that's where the letter was I made a mistake and as the court said at oral argument well Mr. Higgins if you did it willfully you're not very good at it because you showed up at her deposition and handed it to her I made a mistake that mistake was rectified 442 days before that case went to trial she had plenty of time to recover from that so got a couple of minutes it seems quite telling on the courts race judicata analysis that he began with this observation that this is the third of three cases filed by Ms. Juergens arising just from firing and he said quote this case highlights clearly the need for this policy in other words the policy of race judicata race judicata claim preclusion of course bars a party from relitigating claims that they have already made or claims that they could have made in a prior action here not only could the plaintiff had joined the claims that are you're hearing today in either of two prior state court actions she actually did bring them in the second case and then for some reason withdrew them as Judge Morris found below this case is a poster child for race judicata and I don't say that to be flippant it simply is the court went through step by step of piece by piece race judicata analysis we would submit that it was very thorough and should be upheld finally your honors the trial court did indeed hold that all claims were barred by the applicable statutes of limitations now here's what we know Ms. Juergens was fired on August 28th of 2015 obviously once she was fired she knew she had to know she wasn't going to get FMLA leave she knew that day way back in 2015 that she wasn't given FMLA leave the fact that her doctor wrote a letter that said she's stressed out what does that change that doesn't change anything so it shouldn't matter if the two or three year statute of limitations she's not even close on either one finally with her 1983 claim the denial of full discovery that my mistake occurred on November 28th of 2016 and any shortcomings were obvious right there there's no discovery pardon the pun rule with this discovery because I said the report is attached I messed up your honors it wasn't attached when I saw her again in person I handed it to her so the statute of limitations has long gone unless your questions for me I thank you for this opportunity and I would ask that the court uphold the lower court determination in all respects thank you counsel thank you very much time for rebuttal you're on here sorry I'm not technologically astute I would just like to make three points the first is that the defense attorney stated that the plaintiff appellant could not show harm or prejudice an inclusion of a medical record from her doctor in a list of relevant documents showing misconduct well that seems pretty harmful and prejudicial to me especially when her termination was based on this investigators report I believe that raises a genuine issue of material fact for a trier of fact to determine if that had any impact in her termination finally regarding lamb's misconduct and it was willful as explained in the opening brief many facts she chose not to do many things required of her under the code of federal regulations and it's just would be bad public policy to allow the employer to determine whether the FMLA applies as opposed to adhering to the code of federal regulations and reaching out to both the doctor and employee finally lamb's willful violation is tied to the medical record being included in the investigators report this isn't a situation where you can pick and choose the different facts it is all a continuum and the first time that plaintiff appellant Jeanette Juergens learned that a medical record was included in the investigative report on which her termination was based the first time she had knowledge was February 28th 2017. Thank you your honors for your time thank you counsel thank you both counsel for your arguments in this case the case is now submitted.
judges: BYBEE, NELSON, Rakoff